*312 OPINION of the Court, by
Ch. J. Boyle.
-This was an action of assumpsit, in which the plaintiff declared upon an order drawn by Elijah Craig and directed to the defendants, whereby he requested them to pay to the plaintiff, ninety days after date, a sum therein named, “ in good merchantable paper which order tiie Pla»ntiff avers was presented to the defendants, who accepted the same.
Me ieverai causes Io lnftruct the ⅛'?, nof-nonftit, and ^Tfo foftruct ¡jn¿ «cór<¡toj|ü ly, if either of founded, the judgment must be affirmed,
The dtfuidams pleaded non assumpsit, and on the trial the plaintiff proved that when the order was pre-stnttd to the defendants they refused to accept it in vv mine, lest, as they alltgid, if the, should not pav the paper m ninety oays, to v might upon such an acceptance he bound to pay money, but that they agreed to pay it as it was convenient, or along as they teade the i’hith the agent t ’ . planted the order said paper, he supposed would suit the pUuuüü ; and it was further proved that the deferí cl an is afterwards made some partial payments to the plaintiff. The counsel for the de-fcedants thereupon moved the court to instruct the jury, as in case of a nonsuit, upon the following grounds :
allegations and proofs, there being no acceptance, or if any, not such as is set forth in the declaration. 2d. Because there was no consideration to support the action 5 and, 3d. Because the promise in the declaration mentioned was void under the statute of frauds and perju-ríes. The court gave the instruction accordingly, to which the plaintiff excepted, and refusing to submit to be nonsuited, the jury found a verdict for the defendants, upon which judgment was rendered by the court. 1st. Because there was a fatal variance between the
The assignment of error questions the correctness the instructions given to the jury.
_ . The acceptance laid in the declaration is general, and must be construed to be an acceptance to pav within ninety days according to the tenor and effect of the order, whereas the evidence is of an acceptance to payas 1 it might be convenient to the defendants, or when they should make the paper in which the payment was to be made. The proof therefore with respect to the acceptance, is substantially variant from the allegation in the declaration ; and on this ground the instruction given to the jury to find as in case of a nonsuit, is clearly sup.ported. This ground being sufficient to justify the in-gsffu'Aioh, it becomes unnecessary to examine the others which were assumed by the defendants as the basis of their niotion ; for we cannot admit the position contended for by the plaintiff’s counsel, that if either of those grounds be untenable, the instruction would be incorrect. As there existed good and sufficient reason for Ábe instruction, it ought to be presumed that the *314 court instructed the jury for that reason, and not fo? those that were insufficient to warrant the instruction. Judgment affirmed, with costs.